## ESTATE OF JOHN KEHOE.

### No. 5785—Feb. 15, 1877.

ACCOUNT, EFFECT OF SETTLEMENT.—NOT A JUDGMENT.

An executor dies after an account has been settled showing a balance in his hands. A claim is presented to his administrator and allowed. His estate is insolvent. It is sought to make such claim a preferred one, as a judgment.

HELD, that the settlement of account was not a judgment in that sense; but merely a finding that so much property was in his hands for further administration.

Construing sections C. C. P., 1637, 1643; affirmed, Sup. Court, Feb. 19, 1878.

*J. M. Burnett,* for Cronin.

*H. K. W. Clarke,* for Mrs. Travers, a creditor.

*J. M. Allen,* for other creditors.

*Warren Olney,* for executor.

John Kehoe was executor of the will of one McConnell, and his account as executor was settled July 24, 1873, showing a balance in his hands of the funds of the estate, $3,876.95. Upon Kehoe's death, Cronin was appointed administrator with the will annexed of the estate of McConnell. Cronin presented to the executor of Kehoe's will a claim for $3,876.95, the amount as above stated, which was allowed by the executor and approved by the Judge. The estate of Kehoe is insolvent. Cronin now applies for an order adjudging his claim to be a preferred one, as a judg-

ment, and directing that it be paid in full, there being funds sufficient if it be preferred.

The point in issue is this: Did the settlement of the account of Kehoe as executor of McConnell's will constitute a judgment against him so as to entitle it to be preferred, under Sec. 1643, C. C. P. ?

By the COURT: The decree settling the account is not a judgment within the section referred to. It has none of the indicia of a judgment; it does not necessarily bear interest as a judgment; it was merely an ascertainment that, from the matters involved in the settlement, there was that amount then in the hands of Kehoe.